## BECKER et al. v. PUELS.

*(City Court of Brooklyn, General Term.* May 26, 1890.*)*

APPEAL—REVIEW—HARMLESS ERROR.

In an action for the contract price of bronze-gilt mouldings, the court charged that, if plaintiffs agreed to furnish such mouldings, and did furnish them, they were entitled to recover; but if, as claimed by defendant, the contract called for silver-gilt mouldings, then defendant was entitled to a verdict. *Held,* that this submission of the conflicting contentions was more favorable to defendant than if his counter-claim for a supposed breach of warranty had been submitted; for the charge made a breach of warranty a defense to the whole claim, while the counter-claim went only to a part of the claim.

Appeal from trial term.

Action by Lambert Becker and others against Joseph H. Puels. There was a judgment for plaintiffs, and defendant appeals.

Argued before CLEMENT, C. J., and VAN WYCK, J.

*Thornton, Earle & Kiende,* for appellant.   *John R. Kuhn,* for respondents.

VAN WYCK, J. The court charged the jury that, if the contract between the parties was that plaintiffs should furnish bronze-gilt mouldings which would not tarnish or turn black, and if they furnished such mouldings, then the plaintiffs were entitled to recover $121.71; on the other hand, if the contract was that plaintiffs should furnish silver-gilt mouldings which would not tarnish or turn black, that then defendant was entitled to a verdict. To this submission to the jury of these two contentions there was no exception, and there was testimony tending to sustain both. The jury on this conflict decided in favor of the first contention, viz., that the contract was to furnish bronze-gilt mouldings which would not tarnish or turn black, and that such

mouldings were furnished. After a careful examination of all the testimony in the case, we see no reason to disturb their decision. The submission of these two conflicting contentions to the jury was more favorable to the defendant than if the counter-claim on a supposed breach of warranty had been submitted; for the former made a breach of warranty a defense to the whole claim, whereas the latter made a breach of warranty a defense to a part of the claim. There is no other exception in the case upon which error can be predicated. Judgment and order denying motion for a new trial must be affirmed, with costs.